HICKMAN HENDERSON

*v.*

CLARK B. LAGOW *et al.*

TAXATION *by counties, to pay soldier's bounties — constitutionality of a law authorizing it.* An act of the legislature authorizing counties to levy a tax to pay bounties for volunteers in the late war, in order to save the county from a draft, is constitutional.

WRIT OF ERROR to the Circuit Court of Crawford County; the Hon. AARON SHAW, Judge, presiding.

This was a bill in chancery exhibited in the court below by Clark B. Lagow and John E. Decker against Hickman Henderson, as sheriff of Crawford county, for the purpose of enjoining

the collection of a tax levied by the County Court of that county, to pay bounties for volunteers in the late war, in order to save the county from an impending draft. The tax was levied under the authority of an act of the General Assembly approved February 7, 1865, entitled "An act to authorize the levy and collection of taxes in the counties of Jasper, Cumberland, Crawford and Clark, for the payment of bounties to persons who enlist and are mustered into the service of the United States."

An injunction was granted; and at the April Term, 1866, of the Circuit Court, a demurrer to the bill was overruled, and the injunction made perpetual.

The defendant brings the cause to this court upon writ of error. The only question presented is, as to the constitutionality of the act referred to.

Mr. CALLAHAN and Messrs. TANNER & CASEY, for the plaintiff in error.

Mr. JAMES C. ALLEN, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The only question presented by this record is, whether an act of the legislature authorizing counties to levy a tax to pay bounties for volunteers in the late war, in order to save the county from a draft, was constitutional. We have decided in the case of *Taylor* v. *Thompson*, April Term, 1866, *ante*, p. 9, that such a law in regard to towns was valid, and it would be equally so in regard to counties. We can perceive no difference in principle between the two cases. The decree must be reversed and the cause remanded.

*Decree reversed.*